Patrick J. MacManus
vs.      No. 86347.
Beatrice P. Gertz

April 11, 1932.

CHURCHILL, J. Heard on motion for a new trial filed by the defendant after a verdict for the plaintiff for $5,000 in an action for negligence.

The defendant concedes that the verdict is supported by the evidence both on the issue of due care and on the issue of negligence, but insists that the damages awarded are excessive.

The plaintiff, an elderly man, was injured on July 3, 1930, in a collision between the automobile in which he was riding at the time and an automobile operated on behalf and with the consent of the defendant.

The plaintiff was admitted to St. Joseph's Hospital on the same day and the attending physician testified that at that time he was suffering from a severe shock, tenderness in the vicinity of the ninth and tenth ribs on the left side; that his mouth was cut inside the cheek; that his lips were split and his face and legs were cut and bruised— these injuries were superficial; that he was a very sick man for two or three days but then made an uneventful and gradual recovery, leaving the hospital on July 12, 1930. While at the hospital an examination disclosed a "clinical fracture of the ninth and tenth ribs on the left side."

The plaintiff himself testified that he was employed as a landscape gardener; that he resumed his work in two weeks' time; that he was obliged, however, to hire an assistant to carry on the work at a total expense of about $300; that he had suffered ever since the date of the accident from nervousness; that his hands and arms trembled to such a degree that he was unable to write his name or to shave himself; that he had pains in his chest and difficulty in breathing because of a bone "sticking up" in his chest, and had nervous indigestion.

Assuming that the jury might properly infer that the various symptoms described by the plaintiff were due to the accident, there is no medical testimony as to the probable duration of the disorders which the plaintiff described as having endured since the accident. Indemnity for pain and suffering is the most incalculable and indefinite element in an award for personal injuries and rests largely in the discretion of the jury, but judging the verdict in question by the commonly accepted standard in the community as shown by verdicts and decisions, it seems clear to the Court that the verdict is excessive.

Inasmuch as liability of the defendant is clear, justice does not require a new trial on all the issues. It is ordered that unless the plaintiff, in writing, within five days of the filing of this rescript, remits all of the verdict in excess of $4,000, a new trial will be granted, otherwise denied.

For plaintiff: Edward W. Lincoln.

For defendant: Boss & McMahon.